## *EX PARTE* SANDERS.

1. CERTIORARI—STATE DEMOCRATIC EXECUTIVE COMMITTEE.—The proceedings of the state democratic executive committee are reviewable by the Court under the writ of certiorari.
2. DEMOCRATIC PARTY.—Under the rules of the democratic party, no protest or contest can be heard without service of notice or grounds of contest on the opposite party.
3. THE STATE DEMOCRATIC EXECUTIVE COMMITTEE has no jurisdiction in cases of contest and protest in the nomination of county officers.

C. W. Sanders, a candidate in the democratic primaries of 1898 for nomination for the office of sheriff of Berkeley County, presented his petition to Chief Justice McIver, who thereupon issued the following writ of *certiorari*, on October 1st, 1898:

To the State Democratic Executive Committee of the State of South Carolina: Whereas we have understood that lately before you, or a majority of you, comprising the state democratic executive committee at that time for the State of South Carolina, such proceedings have been had that you, or a majority of you, have irregularly, and without authority or jurisdiction in the premises, ordered the county democratic executive committee of Berkeley County to order a new and further primary election to be held in said county for the purpose of nominating the democratic candidate for sheriff for said county, notwithstanding the fact

that C. W. Sanders has been regularly and lawfully nominated at a primary election held in said county on the 30th day of August last by the democratic electors thereof for the purpose of nominating a democratic candidate for sheriff of said county to be voted for at the next general election, and has been declared such nominee, according to the rules of said democratic party; and whereas it is alleged by the said C. W. Sanders that your proceedings have been irregular, without authority, and in violation of the rules of the said democratic party, and of the laws of the State; and we being willing, for certain reasons, that all your proceedings concerning your said action in ordering the county democratic executive committee aforesaid to order a new primary election to be held in Berkeley County for the purpose above specified, before you remaining, with all the proceedings thereto appertaining, should be certified and returned by you into our Supreme Court, before our Justices thereof, at the next term of said Court, to be held at the place and on the day last aforesaid, at the opening of the Court on that day, all the proceedings concerning your said action in hearing the so-called appeal of the said J. B. Morrison from the findings and determinations of the said county democratic executive committee, and in ordering the said county democratic executive committee to order a new primary election for the purpose of nominating a democratic candidate for sheriff of said county, had and taken, by and remaining before you, so that our said Court may further act thereon as of right and according to law ought to be done, and have you then and there this writ.

Further ordered, that in the meantime, and until the further order of this Court, all further proceedings of the said state democratic executive committee, and of each of the members thereof, and of said county democratic executive committee, and of each of the members thereof, and of the democratic county chairman of Berkeley County, their or either of their agents, servants or appointees, in connection with, or in pursuance of, said order of the said state demo-

cratic executive committee aforesaid, or the holding of a new or other primary election in said county as directed in said order, or for the purposes therein named, be stayed, enjoined, and superseded, and no further action taken until the further order of this Court.

*Mr. Hawkins K. Jenkins*, for petitioner.

*Messrs. Mitchell & Smith*, on notice, on behalf of the state democratic executive committee, moved the Chief Justice to vacate the above restraining order. After hearing argument, the Chief Justice made the following order:

This was a motion to vacate and set aside the restraining order heretofore issued in this cause. It appears from the pleadings that the petitioner, C. W. Sanders, and one J. B. Morrison, were candidates for the democratic nomination tor sheriff of Berkeley County at the primary election held in that county on the 30th day of August, 1898. The county democratic executive committee of Berkeley County met at the court house, as required by the rules of the party, and after tabulating the returns of the votes cast, declared the petitioner the nominee, he having received a majority of the votes cast. Thereafter J. B. Morrison filed with the county chairman of Berkeley County certain grounds of protest and contest, but did not serve them on the said Sanders.

At the next meeting of the county executive committee, said Morrison called upon the county committee to hear his protest and contest; whereupon the petitioner, through his counsel, objected to such hearing upon the ground that no notice or grounds of protest or contest had been served upon him. The county committee sustained the objection, and again declared C. W. Sanders the nominee of the party, after which the said Morrison stated that he would appeal to the state executive committee. The next day, being Friday, September 16th, 1898, the said Morrison appeared before the state executive committee in Columbia, and pre-

sented his appeal; whereupon that committee, in the absence of the petitioner, and although he had never been served with either notice or grounds of appeal, heard the same, and set aside the conclusion of the county committee, and ordered that committee to hear and determine Morrison's contest. On the 20th September, the county executive committee, against the protest of C. W. Sanders, and in compliance with the requirement of the state executive committee, heard the contest of the said Morrison, and after fully considering the same, for the third time, declared C. W. Sanders the nominee, and Morrison again stated that he would appeal, but served no notice or grounds of appeal; and accordingly appeared before the state executive committee in Columbia on 23d September, 1898, and upon the matter being taken up by the state executive committee, the petitioner through his counsel objected to the hearing, for want of service of notice and grounds of appeal, &c. After taking the matter up, the state executive committee again set aside the findings and conclusions of the county executive committee, and ordered that committee to order another primary election; whereupon the petitioner sued out the writ in this proceeding, and obtained the restraining order now sought to be vacated.

The first question to be determined is whether or not the state democratic executive committee is such a tribunal as is subject to the supervision of the courts. By section 1 of the act of 1888, entitled "An act to protect primary elections and conventions of political parties, and to punish frauds committed thereat," it is provided "that every political primary election held by any political party * * * for the purpose of choosing candidates for office * * * shall be presided over and conducted in the manner prescribed by the rules of the political party * * * holding such primary elections, by managers selected in the manner prescribed by such rules." Section 3 provides that "Every such primary election shall be held at the time and place and under the regulations prescribed by the rules of the

party * * * and the returns shall be made, and the result declared as prescribed by such rules." It is evident from the above extracts, that the legislature intended to give primary elections a legal status, and to place them, together with the entire party machinery, under the protection of the courts, not only for the purpose of punishing frauds, but also for the enforcement of rights acquired therein. If, then, the functions of the state democratic executive committee are of a judicial or quasi-judicial nature, it is clear that the Court has the right, and in a proper case it is its duty, to review the proceedings of the state committee by certiorari. That the state executive committee does exercise judicial functions is evident; and I, therefore, hold that its proceedings are reviewable under the writ of certiorari.

It is claimed, and not denied, that no notice or grounds of contest or of appeal·were served upon the petitioner, C. W. Sanders, who had been declared the nominee. How, then, could the county executive committee acquire jurisdiction to hear such contest? The state executive committee, the appeal? Service of notice is essential in all cases for the purpose of bringing the parties before the Court or the tribunal, before such Court or tribunal can acquire jurisdiction of the matter. It is elementary that no tribunal can adjudicate rights until the parties have had proper notice, and have been properly brought before it, and no notice or grounds of protest or contest having been served on the petitioner, the county executive committee was right in declining to hear such contest; and no notice or grounds of appeal from such determination having been served upon petitioner, the state executive committee never acquired jurisdiction of the matter and its order was a nullity.

But it is contended that the state executive committee has no appellate jurisdiction as to county officers, and as to such officers the findings and conclusions of the county democratic executive committee are final. Rule 7 of the democratic party provides that "protests and contests for county offices shall be filed within five days after the

election with the chairman of the county executive committee, and said executive committee shall hear and determine the same. The state executive committee shall hear and decide protests and contests as to United States senators, state officers," &c. From the bare reading of this rule it is apparent that the action of the county executive committee is final, for it says so in plain and unmistakable words. But it is contended that the constitution of the party gives the state executive committee appellate jurisdiction. An examination of the constitution, however, fails to justify this contention. It is perfectly clear that the section of the constitution, which is supposed to confer this jurisdiction, deals solely with state officers, United States senators, &c. Besides this, there is much force in the argument that the statute makes the "rules" the supreme law of the party, but I do not think it necessary to rest my conclusion upon that point, for, as I have already said, neither the constitution nor the rules give the state executive committee appellate jurisdiction as to county offices. It is clear, therefore, that this action of the county executive committee is final, and the state executive committee exceeded its jurisdiction when it undertook to hear Mr. Morrison's appeal.

For these reasons, the motion to set aside and vacate said restraining order is refused.